```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                  WESTERN DIVISION

               NO.: 5:18-CV-540-H
```

HARITHA NADENDLA, M.D.,          )
                                 )
     Plaintiff,                  )
                                 )
                                 )
     v.                          )
                                 )     **ORDER**
WAKEMED d/b/a WAKEMED CARY       )
HOSPITAL,                        )
                                 )
     Defendant.                  )
                                 )

This matter is before the court on defendant Wakemed's motion to dismiss for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim upon which relief may be granted [DE #10]. Plaintiff has responded, and defendant has replied. This matter is ripe for adjudication.

Plaintiff's corrected complaint [DE #6] alleges the following claims for relief: (1) breach of contract, (2) breach of covenant of good faith and fair dealing, (3) discrimination under 42 U.S.C. § 1981, (4) arbitrary and capricious conduct, and (5) negligence. Plaintiff seeks compensatory and punitive damages as well as an injunction.

Plaintiff Haritha Nadendla, M.D. ("plaintiff") is a physician who is board certified in the fields of obstetrics and gynecology and duly licensed to practice medicine in the State of North Carolina. (Compl. DE #6, ¶3.) She was a member of the medical staff of defendant hospital, WakeMed Cary Hospital in Cary, North Carolina ("Wakemed") beginning in 2010 and had clinical privileges until June 30, 2017, when she alleges her privileges were arbitrarily and wrongfully denied by defendant. (Compl. DE #6, ¶¶ 4-5.) She was notified that her privileges would not be renewed in a letter dated May 31, 2017, citing "clinical concerns." (Compl. DE #6, ¶ 24.) She also alleges that she timely requested a hearing to contest the decision. (Compl. DE #6, ¶ 25.)

She alleges that the terms of defendant's Medical Staff Bylaws, Policies and Procedures ("Bylaws") form a valid and enforceable contract between plaintiff and defendant. (Compl. DE #6, ¶ 13.) She brings this action for breach of that alleged contract as well as for alleged intentional racial discrimination infringing on contractual rights pursuant to 42 U.S.C. § 1981 and other claims. She additionally requests an injunction directing defendant to reappoint her to the Medical Staff or, in the alternative, to provide her with a new hearing on her application.

Plaintiff alleges that defendant's actions violated the Bylaws. (Compl. DE #6, ¶ 14.) She specifically alleges that the

2

hearing procedure exhibited a lack of fairness and violated her due process rights guaranteed by the Bylaws. (Compl. DE #6, ¶ 26.) She alleges the decision to deny her reappointment was not based on credible or reliable evidence and did not include evidence from any providers or patients involved in any of the events about which defendant criticized plaintiff's medical care. (Compl. DE #6, ¶ 29.) She alleges defendant instead relied on a three-page summary of peer-reviewed patient case reports prepared by another physician. (Compl. DE #6, ¶ 36.) The physician who performed the peer review did not testify during the proceedings. (Compl. DE #6, ¶ 36.)

Plaintiff alleges that at the hearing she presented credible evidence by an outside, independent medical expert in OB/GYN medicine, Dr. Brad Jacobs, who opined that plaintiff's patient care was appropriate and consistent with the standard of care and expectations for an OB/GYN physician privileged at a North Carolina hospital. (Compl. DE #6, ¶ 42.) Additionally, plaintiff herself testified along with two of her colleagues, on her behalf. (Compl. DE #6, ¶ 44.)

Plaintiff alleges the process was conducted in bad faith and did not attempt to determine whether plaintiff is, in fact, qualified and competent to be a member of its medical staff. (Compl. DE #6, ¶ 46.) The loss of staff privileges at defendant

3

hospital have had other implications for plaintiff, affecting her ability to obtain staff privileges at other hospitals and causing her to lose payer contracts. (Compl. DE #6, ¶ 105.)

Plaintiff, a citizen of the United States who is of Indian origin and a member of a racial minority group alleges that prior to her losing her clinical privileges, defendant similarly forced out one or more other physicians of Indian origin and unjustifiably removed their clinical privileges. (Compl. DE #6, ¶ 89, 117.)

### COURT'S DISCUSSION

**I. 12(b)(1) Motion**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges subject matter jurisdiction. The plaintiff bears the burden to establish subject matter jurisdiction. "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999). If the material jurisdictional facts are not in dispute, and the moving party is entitled to judgment as a matter of law, then the court should grant the Rule 12(b)(1) motion to dismiss. Id.

4

Here, plaintiff's basis for jurisdiction is her discrimination claim under 42 U.S.C. § 1981. Section 1981 protects individuals against racial discrimination in making and enforcing contracts. However, defendant argues that plaintiff's complaint is devoid of any facts to support her contention that her dismissal from the medical staff was the result of discrimination. Defendant argues all her allegations of discrimination are conclusory and that she has not stated a claim sufficient to establish federal jurisdiction.

In response, plaintiff notes that she has alleged that (1) she is of Indian origin and a member of a racial minority group (Compl. DE #6, ¶ 117.); (2) that defendant discriminated against her on the basis of her race and national origin (Compl. DE #6, ¶ 120, 122.); and (3) that defendant continues to deprive her of her right to make, perform and enforce contracts (Compl. DE #6, ¶ 119.) Additionally, plaintiff alleges that prior to forcing her out, defendant similarly forced out another physician of Indian origin (Compl. DE #6, ¶ 89.), while continuing to grant privileges to non-minority physicians. (Compl. DE #6, ¶ 136.) She alleges that minority physicians are scrutinized more harshly by defendant than Caucasian physicians. (Compl. DE #6, ¶ 134.) She also alleged that she has suffered damages to her business and reputation. (Compl. DE #6, ¶ 105.)

5

The court finds plaintiff has stated a claim under § 1981. Additionally, therefore, the court finds it has jurisdiction over this matter. While the facts may not ultimately make out a claim, at this stage of the litigation, the plaintiff has alleged enough facts to move forward in the litigation. Therefore, the motion to dismiss is denied as to jurisdiction.

**II. 12(b)(6) Motion**

   a. Standard of Review

A federal district court confronted with a motion to dismiss for failure to state a claim should view the allegations of the complaint in the light most favorable to the plaintiff. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). The intent of Rule 12(b)(6) is to test the sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion "'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Id. (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).

"[A] complaint need not 'make a case' against a defendant or 'forecast evidence sufficient to prove an element' of the claim."

6

Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Rule 8 of the Federal Rules of Civil Procedure provides "for simplicity in pleading that intends to give little more than notice to the defendant of the plaintiff's claims and that defers until after discovery any challenge to those claims insofar as they rely on facts." Teachers' Ret. Sys. of La. v. Hunter, 477 F.3d 162, 170 (4th Cir. 2007). A complaint is generally sufficient if its "'allegations are detailed and informative enough to enable the defendant to respond.'" Chao, 415 F.3d at 349 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1215 at 193 (3d ed. 2004)). Thus, a complaint satisfies the Rules if it gives "fair notice" of the claim and "the grounds upon which it rests." Twombly, 550 U.S. at 554-55 (internal quotation marks omitted).

    b. 42 U.S.C. § 1981 Claim

For the reasons discussed supra, the court already found that plaintiff has stated a claim under § 1981. Therefore, defendant's 12(b)(6) motion is also without merit as to this claim.

7

c. Breach of Contract

North Carolina courts have held that a hospital's offer of privileges, if accepted by the physician, may be a contract that incorporates the terms of the hospital bylaws. Virmani v. Presbyterian Health Services Corp., 127 N.C. App. 71, 76-77, 488 S.E.2d 284, 288 (1997). Here, plaintiff has alleged that she entered into a valid and enforceable contract with defendant, "wherein both parties agreed to follow and be bound by the terms and procedures outlined in the Medical Staff Bylaws and policies and procedures." (Complaint at ¶ 13). Plaintiff also alleged that defendant breached the contract with plaintiff and that those breaches proximately caused damages and irreparable harm to her. (Id. at ¶¶ 108-11). Accordingly, defendant's motion to dismiss is denied. Defendant's motion seeking dismissal seems to make arguments more akin to summary judgment, using phrases like plaintiff fails to "establish" certain elements. The court finds plaintiff has alleged sufficient facts upon which relief may be granted as to a breach of contract claim. Whether discovery will bear out those facts remains to be seen.

d. Breach of Covenant of Good Faith and Fair Dealing

Defendant argues that plaintiff's breach of the covenant of good faith and fair dealing claim provides no facts distinguishing it from her breach of contract claim. Plaintiff alleges that WakeMed did not act in good faith in applying the Bylaw procedures

8

to her reapplication and the resulting hearing. "[T]he weight of North Carolina authority holds that a claim for breach of the covenant of good faith and fair dealing based on facts identical to those supporting a breach of contract claim should not be pursued separately." BioSignia, Inc. v. Life Line Screening of Am., Ltd., No. 1:12-CV-1129, 2014 WL 2968139, at *5 (M.D.N.C. July 1, 2014). Because this claim is indistinguishable from the breach of contract claim, defendant argues it should be dismissed.

Plaintiff's response simply says that she has "clearly" alleged defendant acted in bad faith regarding her contract and by wrongfully denying her clinical privileges. Finding these claims "rise and fall with the underlying claims for breach of contract," the separate cause of action for breach of the covenant of good faith and fair dealing is dismissed as duplicative. Id. Plaintiff's theories of bad faith may be asserted in support of its claim for breach of contract. Id. (citing Performance Sales & Mktg., LLC v. Lowes Cos., No. 5:07-CV-140, 2010 WL 2294323, at *11 (W.D.N.C. June 4, 2010)).

e. Arbitrary and Capricious Conduct

North Carolina General Statute Section 131E-85 requires a hospital to grant or deny medical staff privileges "based upon the applicant's education, training, experience, demonstrated competence and ability, and judgment and character of the applicant, and the reasonable objectives and regulations of the

9

hospital." N.C. Gen. Stat. § 131E-85(a). "[T]he right to enjoy staff privileges is not absolute, but is subject to the standards and objectives set by the hospital's governing body." Claycomb v. HCA-Raleigh Cmty. Hosp., 76 N.C. App. 382, 385, 333 S.E.2d 333, 336 (1985). As long as the hospital's criteria are reasonably related to the operation of the hospital and fairly administered, the courts should not intervene. Cameron, 58 N.C. App. at 449, 293 S.E.2d at 922; Lohrmann v. Iredell Mem. Hosp., 174 N.C. App. 63, 77, 620 S.E.2d 258, 266 (2005). However, the "statute does allow the reasonableness of a hospital's actions to be reviewed." Claycomb, 76 N.C. App. at 386, 333 S.E.2d at 336.

Plaintiff has brought a claim pursuant to N.C. Gen. Stat § 131E-85, and case law interpreting this statute, seeking an injunction requiring that defendant review its decision denying her staff privileges and reach a new decision that is "based on the other criteria provided in the statute such as [her] education, training, experience, demonstrated competence and . . . character." N.C. Gen. Stat § 131E-85; Claycomb v. HCA-Raleigh Cmty. Hosp., 76 N.C. App. 382, 386, 333 S.E.2d 333, 336 (1985), disc. review denied, 315 N.C. 586, 341 S.E.2d 23 (1986).

Here, plaintiff has properly stated a claim of arbitrary and capricious conduct by alleging, among other allegations, that defendant's decision to deny her staff privileges was: (1) "arbitrary and capricious, not based on reason, and accordingly,

10

unlawful" (Complaint at ¶ 143); (2) "not reasonably related to the hospital's operation" (Id. at ¶ 144); "not reasonably compatible with the hospital's responsibility" (Id. at ¶ 145); and "was based on irrelevant considerations." (Id. at ¶ 146). Plaintiff has alleged that discriminatory reasons were used as the basis of the decision.

Defendant argues that because plaintiff's facts are insufficient to allege discrimination and that her allegations regarding improper financial motives are not plausible, this claim fails. However, having already found sufficient facts to state a claim for discrimination, defendant's argument also fails as to this claim at this stage of the litigation.

f. Negligence

Plaintiff also claims that WakeMed was negligent in review of her application. Defendant WakeMed argues plaintiff's negligence claim arises wholly out of her contract claim, there being no other duty alleged, and is therefore barred. The issue is "whether the defendant has breached some duty other than a contractual duty, such that the tort claim is 'identifiable and distinct' from the breach of contract claim." Legacy Data Access, Inc. v. Cadrillion, LLC, 889 F.3d 158, 166 (4th Cir. 2018). In response, plaintiff says she has alleged that WakeMed owed her a duty of reasonable care. However, plaintiff's negligence allegations are, at their core, that WakeMed negligently failed to comply with the

11

contractual and statutory standards. Finding plaintiff has alleged no duty other than those already captured in the claims for breach of contract and arbitrary and capricious conduct, the court must dismiss plaintiff's negligence claim. See Mecklenburg Cty. V. Nortel Gov't Sols, No., CIV A. 3:07-CV-320, 2008 WL 906319, at *5 (W.D.N.C. Apr. 1, 2008) (finding that "negligent or intentional actions, relating to contract performance, do not transform contract claims into independent torts.") Therefore, plaintiff's negligence claim is dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE #10] is GRANTED IN PART and DENIED IN PART. Defendant's motion to dismiss for lack of jurisdiction is denied. Plaintiff's state law claims for breach of the covenant of good faith and fair dealing as well as her negligence claim are dismissed. Remaining before the court is her claim pursuant to 42 U.S.C. § 1981 as well as her breach of contract claim and her claim for arbitrary and capricious conduct pursuant to N.C. Gen. Stat § 131E-85. This matter is

12

hereby referred to United States Magistrate Judge Kimberly A. Swank for further case management.

This 29th day of October 2020.

                                                _____
                                                Malcolm J. Howard
                                                Senior United States District Judge

At Greenville, NC
#26